**NORWOOD SAVINGS BANK v ROMER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4051. Decided March 28, 1932

Wm. R. Colling, Cincinnati, for Norwood Savings Bank, plaintiff in error.

Lucien G. Strauss, Cincinnati, for defendants in error, the Washington Mortgage Co., and Morris Strauss.

HAMILTON, J.

The question for decision is: Does a pledge in a real estate mortgage, pledging rents and profits, reach the rents and profits accruing before condition broken?

It is settled law that a mortgage is a mere security in the hands of the mortgagee and does not convey any interest in the land itself. After mortgage conditions have been broken, the mortgagee may bring an action for possession, or an action in foreclosure, resulting in judicial sale. There is no question but that after condition broken, the mortgagee, upon bringing an action for foreclosure and making to the court a showing of the condition broken, has a right to have a receiver appointed for the property, and the receiver, by virtue of his possession as receiver is entitled to the rents and profits that may issue by reason of such possession, for the benefit of the mortgagee. **Kerr v Lydecker, Admr., 51 Oh St, 240.**

It has been stated that even after condition broken, the mortgagor is entitled to the rents and profits so long as he retains possession. **Fidelity Mortgage Co. v Mahon et, 31 Oh Ap, 151, (7 Abs 280).**

Rents and profits are chattels. At the time of the execution of the mortgage of the plaintiff bank, the rents and profits were pledged as further security for the debt. It must, therefore, be considered in the class of cases where a mortgage lien on after-acquired chattel property is claimed.

On the question of a mortgage lien on subsequently acquired chattels, the Supreme Court in the case of **Francisco et v Ryan, 54 Oh St, 307, at page 315** states:

"Courts have differed in regard to the effect of mortgages intended to create a lien on goods which the mortgagor did not own at the time of its execution, but which it was contemplated he would thereafter

474

acquire. This difference has arisen chiefly from the nature of the jurisdiction exercised by the courts. Those of equitable cognizance applying the maxim that equity regards that as done which ought to be done, holding that under such a mortgage a lien attaches to the property as soon as it comes to the mortgagor's ownership; while at law, it has been held that it creates no present lien, nor one as the property is acquired, but as between the parties it operates only as a contract for a lien, which may be made effectual for the benefit of, the mortgagee by possession lawfully obtained of the property, : * : In the case of **Chapman v Weimer**, **4 Oh St, 481**, the court followed the rule at law, holding that: "A chattel mortgage, purporting to create a lien on the stock in a grocery, and also on such as should be subsequently acquired by the mortgagor, creates no lien on the subsequently acquired property."

It is conceded by counsel for plaintiff in error Bank that there are no cases directly in point. We are, therefore, content to follow the rule laid down in the Francisco case, supra, concerning subsequently acquired chattel property. The principle would seem to be applicable, and consequently in the case under consideration the plaintiff Bank would not have a lien on the rents and profits acquired subsequent to the execution of its mortgage until the filing of the foreclosure proceeding and the taking possession of the property by the receiver.

If the plaintiff's contention was correct, in all cases of a real estate mortgage which pledged rents and profits, and this pledge is in the usual form of such mortgages, it would require the mortgagor to impound the rents until it should be ascertained whether the conditions of the mortgage would be broken. The mortgagor would be in the position that he pledged his real estate for part of its value, and, although in possession, nevertheless the mortgagee, without ownership in the realty, could follow the rents and profits, received and disbursed by the mortgagor in possession, into the hands of any innocent person receiving such rents and profits in discharge of legal obligations.

In this case, the mortgagor or someone for him collected the rents and paid the same on debts that he owed. The contention of the plaintiff bank would lead to the situation that had the mortgagor used the rentals for purchases from the merchant, the grocer, or the butcher, the mortgagee might trace the funds and acquire an accounting from such persons receiving the same in payment of their just debts. It

may be stated that this would be reductio absurdum, but it illustrates the extent to which the proposition might lead.

Our conclusion is:—That the plaintiff Bank has no lien or claim against the defendants Morris Strauss or The Washington Mortgage Company for rents paid to them on their debt prior to the taking possession of the property by the receiver in the foreclosure proceeding. The second amended petition alleges no cause of action against the defendants, Morris Strauss and the Washington Mortgage Company for an accounting, and the judgment of the Court of Common Pleas of Hamilton County is affirmed.

ROSS, PJ, and CUSHING, J, concur.