## WOODVILLE SAVINGS BANK CO v COMMERCIAL BANK & SAVINGS CO et

Ohio Appeals, 6th Dist, Wood Co

No 525. Decided Dec 27, 1932

E. R. Voorhees, Woodville, for plaintiff.

J. E. Kelly, Bowling Green, Special Counsel for defendants.

74

WILLIAMS, J.

It is thus apparent that the conditions of the mortgage relating to the payment of the note and interest and taxes were broken long prior to the time that the premises were taken over by the Superintendent of Banks and such default has continued. In **Norwood Savings Bank y Romer, 36 OLR, 589, (12 Abs 472),** a decision by the Court of Appeals of Hamilton County, Ohio, the doctrine as to a receiver is well stated in the following language at page 590:

"There is no question but that after condition broken, the mortgagee, upon bringing an action for foreclosure and making to the court a showing of the condition broken, has a right to have a receiver appointed for the property, and the receiver, by virtue of his possession as receiver is entitled to the rents and profits that may issue by reason of such possession, for the benefit of the mortgagee."

Had the Superintendent of Banks not taken over the bank and had an action of foreclosure been instituted on the day that official did so take possession, the court in which the action was begun would have had power, within the limitations hereinafter stated, to appoint a receiver to collect the rents and profits and the amount so collected and in the receiver's hands would have been properly applied to the discharge of taxes, court costs, and the lien of the plaintiff under its mortgage.

Sec 710-95, GC, prescribes the powers and duties of the Superintendent of Banks after taking possession and that section, when read in conjunction with the other sections of the Banking Act make his possession and administration of the assets of such bank exclusive, and the property of the bank so taken over by the Superintendent of Banks is in the hands of that officer to the exclusion of any receiver which a court might appoint. In fact, the state courts have no power to appoint receivers to take possession of property already in the hands of the Superintendent of Banks. It is true that under §710-101, GC, there is provision for the appointment of a receiver of a bank where, in case of urgent necessity, it becomes in the judgment of the court necessary to make such appointment to preserve the assets of the bank, but the statute also provides that where such application is made the Superintendent of Banks shall be notified and may within five days after the service of such notice take possession of the bank and in that case no further proceedings shall be had upon the application for appointment of a receiver, or, if a receiver has already been appointed and has entered upon the administration of his trust, the appointment shall be vacated upon the application of the Superintendent of Banks to the proper court and the section then prescribes that the Superintendent of Banks shall proceed in all cases to administer the assets of such bank as provided in the Banking Act. In so far as §710-101, GC, permits the appointment of a receiver of a bank, it refers to those cases in which the bank has not been taken over by the Superintendent of Banks.

As neither the court below nor this court had or has any power to appoint a receiver in the instant case, the rentals from the mortgaged premises now in the hands of the Superintendent of Banks should be treated and applied in the same way as if they were in the hands of a receiver appointed in this case.

The prayer of the petition, so far as it

relates to the third cause of action, will be granted and the Superintendent of Banks is ordered to pay the money into court in this cause to be applied to the payment of court costs, taxes and the balance due on the mortgage indebtedness to the plaintiff.

Decree accordingly.

LLOYD and RICHARDS, JJ, concur.