### VARNAU, Rec v SCANLON

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 19, 1934

Bates, Stewart & Skirvin, Cincinnati, for plaintiff in error.

Jos. L. Meyer, Cincinnati, and Benjamin S. Schwartz, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The question here is, who is entitled to collect the rents for the property under foreclosure?

The trial court found for the defendant, the tenant, and error is prosecuted from that judgment. This raises the oft-disputed question of the right to the rents and profits as between the mortgagee and the mortgagor of real estate. Precedent and cases may be found, some holding the mortgagor is entitled to the rents as long as he is in possession of the property, or that his right to receive the rents terminates upon mortgage conditions broken. There are decisions to the effect that the mortgagor is entitled to receive the rents and profits until his equity of redemption is foreclosed. Other cases hold that the mortgagor is entitled to rents and profits until action is brought to foreclose the mortgage and a receiver appointed to take charge of the property, at which time the receiver is entitled to receive the rents and profits. If this last proposition is the true rule, then in this case the receiver was entitled to collect the rents from the day of his appointment, and the judgment would have to be reversed, notwithstanding the tenant would have to pay the rent the second time, he having paid the rent the first time at his own risk.

The confusion which seems to exist in the law on this proposition is sought to be clarified by the case of **Commercial Bank & Savings Co. et v Woodville Savings Bank Co., 126 Oh St, 587.** However, instead of clarifying the situation it seems rather to confuse. The first part of syllabus 1 in the Woodville case, supra, is:

"The right to rents and profits of real estate follows the legal title."

This pronouncement but begs the question. This rule was never disputed. The confusion has always arisen on the question as to where the legal title vests, and when that title changes, if at all. Following the pronouncement above quoted, we find this additional language in the first syllabus in the Woodville Bank case:

"Consequently a mortgagor in possession is entitled to the rents and profits of the real estate as an incident of possession of the equity of redemption, and they may be collected by such mortgagor until his equity of redemption expires."

The portion of the syllabus last above quoted could only follow the rule that the legal title was in the mortgagor. If the rule intended to be laid down by the Supreme Court in the Woodville Bank case was that the legal title is in the mortgagor until his equity of redemption expires, which, under the present rule of practice in Ohio must be upon the court decree foreclosing his right to redeem, and, therefore, that mortgagor was entitled to the rents and profits of the real estate until that time, the court should have so stated.

In the older cases it was held that the legal title under general mortgage passed to the mortgagee, subject to the right of the mortgagor to redeem, and, upon condition broken, the mortgagee could take possession by an action in ejectment. Later, in place of the action in ejectment, a suit in foreclosure became the practice and the procedure.

Following this, the courts began to hold that the mortgage conveyed to the mortgagee nothing more than a lien, and that the legal title remained in the mortgagor, and so remained until the equity of redemption was foreclosed by the court in an action therefor, and the time for redemption as pronounced in the decree had expired.

In the case of **Norwood Savings Bank v Romer et, 43 Oh Ap, 224, (12 Abs 472)**, this court held that the mortgagor being in possession was entitled to collect the rents and profits unless and until a receiver was appointed in a foreclosure suit.

The practice has grown, at least in the local courts, upon the filing of an action for foreclosure, to have the court appoint a receiver to collect the rents and profits, and this practice has proceeded on the theory that the law was that the appointment of the receiver was analogous to taking possession of the property, and that the mortgagor was no longer entitled to collect the rents. The observation of the court in the opinion in the Norwood Savings Bank case was not necessary to the decision in that case, for no receiver had been appointed. The mortgagor had collected the rents and had used them for his own purposes, and the Norwood Bank sought to trace the funds. The appointment of a receiver to collect rents and profits during the tenancy in foreclosure is authorized by the statute, but, this, of course, would not give the receiver the right to collect rents and profits to which he was not entitled under the law.

The case of **Reiter v Ginocchio, Recr., 45 Oh Ap, 434, 39 OLR, 142** (O. L. B. & R. 11-6-33), (15 Abs 307), is cited as supporting the right of the receiver to the rents and profits in this action. However, the second paragraph of the syllabus in that case is:

"That lessee of mortgaged premises paid year's rent in advance held no defense to action of receiver for rent of premises from date of his qualification, the equity of redemption having been foreclosed."

In the case under consideration, the equity of redemption has not been fore-

closed. The foreclosure proceeding is pending.

If we follow the first part of syllabus 1 in the Woodville Bank case, that the rents and profits of real estate follow the legal title, this leaves in effect the decision in the case of **Allen et v Everly et, 24 Oh St, 97**, wherein the court held as between the parties to a mortgage, the legal title after condition broken is vested in the mortgagee. Applying that pronouncement to the instant case, the condition having been broken prior to the appointment of the receiver, upon the appointment of the receiver the legal title was vested in the mortgagee, and he would be entitled to the rents and profits from that time.

In the case of **Kerr et v Lydecker, Admr., 51 Oh St, 240**, the court states at page 250 of the opinion:

"After condition broken, the title is vested in the mortgagee, as between him and the mortgagor, and as the right of the mortgagee to recover the possession of the land by ejectment, always existed at common law, and has not been taken away by statute, it still exists in this state."

Thus again, we find the Supreme Court of Ohio holding that upon condition broken, the title is vested in the mortgagee. So we see the difficulty in applying the pronouncement in Woodville Savings Bank case as to rents and profits following the legal title. If we are to apply the latter part of syllabus 1 in the Woodville case, we would have no difficulty as far as the instant case is concerned, and we are of opinion that the pronouncement would clarify the confusion that exists. We, therefore, accept the latter part of the first syllabus in Woodville Savings Bank, supra, rather than the first as the true rule, since the decision by implication overrules the former decisions of the Supreme Court to the effect that the legal title passes to the mortgagee upon condition broken.

Based upon the authority of the latter part of the syllabus alluded to and upon reason, our conclusion is, that the true rule as to who is entitled to the rents and profits of the real estate, as between the mortgagor and mortgagee, is that the mortgagor in possession is entitled to the rents and profits of the real estate, as an incident of possession of the equity of redemption, and that they may be collected by such mortgagor until his equity of redemption expires, which equity of redemption expires upon decree of foreclosure and

the expiration of the time given in that decree for redemption.

This conclusion requires an affirmance of the judgment of the Municipal Court, this case having come direct from that court. Since the mortgagor has collected the rents from the defendant Scanlon for the period of occupancy sued for by the receiver, and the mortgagor's equity of redemption was not foreclosed, the judgment is affirmed.

CUSHING and ROSS, JJ, concur.