## HYDE PARK BUILDING & LOAN CO. v BRAUDY, et

Common Pleas Court, Hamilton Co.

No. A-52137. Decided Feb. 8, 1940.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for plaintiff.

John P. Strother and Saul M. Greenberg, Cincinnati, for defendants.

### OPINION

By WOESTE, J.

The within action is one in foreclosure of a mortgage on real estate. to-wit, a multiple apartment building, and one apparently owned for income purposes. The question presented involves the right, as between mortgagor and mort-

gagee, to rents collected by a receiver prior to the time of the foreclosure of equity of redemption.

In 1929 Morris Walderman obtained a loan of money from the plaintiff. To secure its repayment he executed and delivered to plaintiff a mortgage on this real estate.

Thereafter, in 1929, Walderman conveyed the property to Louis Braudy. Braudy agreed and assumed to pay that mortgage. In 1934 Braudy died intestate, seized of the title to the property, and leaving four sons, the defendants herein, as sole heirs.

In 1936 plaintiff commenced the within action. Simultaneous with its filing plaintiff also filed a motion for the appointment of a receiver. That motion appears to have been heard before another judge of this court, and as to its disposition no entry appears of record. Counsel appear now to be in disagreement as to the terms of the oral pronouncement of that court on the motion for a receiver. Whatever such pronouncement was, defendants at the time then executed and delivered to plaintiff a paper writing assigning to it the rents, and authorizing the plaintiff to collect same. Plaintiff did so until about March 31, 1939, when defendants summarily rescinded the assignment and authority to collect rents. In the meantime, plaintiff had refrained from further proceedings looking toward the appointment of a receiver.

Counsel for the parties then appeared before this court. The court indicated at the time, that in the presence of the action of the defendants in rescinding the assignment, the appointment of a receiver was in order. Counsel for the plaintiff thereupon, in the presence of all concerned, and in open court renewed the motion for a receiver to take charge of the property and to collect rents. Counsel for the defendants, also in open court, thereupon asserted their right to such rents accruing after the assignment was rescinded. It appeared at that time that the conditions of the mortgage were broken and

that the property was probably insufficient to satisfy the then mortgage indebtedness. The court did then grant plaintiff's oral application and did appoint a receiver. Appointment, however, was conditioned to be without prejudice to any then existing rights of the parties as might later be found to have been had.

The receiver was appointed to take charge of the property and to collect the rents. This he did up to August 16, 1939. In the interim, plaintiff prosecuted this action to judgment and sale. A deficiency resulted and is substantially in excess of the amount of the rents collected by the receiver, and which are the subject of this controversy. Defendants ask payment to them of these rents that were collected prior to the time of foreclosure of their equity of redemption, less operating expenses and costs. Plaintiff seeks their application to the deficiency indebtedness.

Under syllabus of the opinion of the Supreme Court of Ohio, in the case of **Commercial Bank, etc. v Woodville Savings, etc., 126 Oh St 587,** and which later is construed by the Court of Appeals for this district in **Varnau v Scanlon, 17 Abs 246, at page 248,** the rule found is, that a mortgagor in possession is entitled to, and may collect, rents up to the time of foreclosure of his equity of redemption. The right is qualified by the requirement that he be in possession up to such time. Nothing is found whereby mortgagor is held to have the unqualified right to rents up to the time of said foreclosure, nor the unqualified right of possession up to such time. To so hold would be in conflict with, and defeat, the clear purposes of §§11894 and 11897, GC.

Under the former section, it is provided that in an action to foreclose a mortgage on real estate a receiver may be appointed when,

"* * * it appears that a condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt."

It is not required that such circumstance be first proven on trial, and adjudicated by judgment and decree, and authority of receiver begin upon foreclosure of the equity of redemption.

It is clearly the legislative intent that the purpose of a receiver is to minimize the insufficiency of the property to discharge the mortgage debt. Accordingly, at any time during the proceedings in such action, █ where it appears to the court that these circumstances exist, the mortgagee has the right, and the court the duty, to appoint a receiver to accomplish that legislative purpose.

It must necessarily follow then that the mortgagor can therefore have no right inconsistent therewith, and which would defeat the legislative purpose. In the case of resulting excess deficiency, to hold that rents collected by receiver prior to the foreclosure of the equity of redemption, are the property of the mortgagor, and to order their payment to him, would be in direct contravention of that legislative purpose.

**Sec. 11897 GC provides:**

"* * * The receiver may * * * take and keep possession of the property, receive rents, * * *."

Accordingly upon the appointment and qualification of a receiver, the mortgagor ceases to be in possession, and no longer is within the rule of the Commercial Bank and Varnau cases, supra. His right to collect and his right to the rents are then terminated, except only in case rentals collected are not needed to satisfy mortgage indebtedness.

The view of this court is in accord with the reasoning of the █ opinion in the case of **Metropolitan Life Insurance Co. v Begin, 59 Oh Ap 5, 12 OO 337,** and at page 7 it is there said:

"However, when a receiver is appointed upon filing a petition in foreclosure and after condition broken. as was here the case, and was appointed for the purpose of collecting rents and profits, on a showing made that the mortgage security will likely be deficient, the possession of the premises precludes concomitant possession by the mortgagor. The receiver's position under the direction of the court is for the very purpose of holding and conserving the rents and profits so they may be applied by the court to the payment of taxes, costs, plaintiff's judgment and other legal claims, and any balance remaining refunded to the mortgagor.

"In other words, the mortgagor has the right to receive as his own rents of the real estate so long as █ he remains in possession, **and until possession is taken by the mortgagee, a receiver.** or some other authorized person. 27 O. Jur. 378, §143."

The fact that the defendants are heirs of an ancestor who assumed the mortgage does not alter the case. They became seized of the real estate by inheritance and took it subject to all liabilities to which it had been pledged as security.

The case was a proper one for the appointment of a receiver. Plaintiff was entitled to such appointment. No right existed in the defendants to preclude it. Upon qualification the receiver came into possession of the premises. Defendants were then out of possession. Being out of possession, they were not entitled to rents collected thereafter, or to any right to collect them. The resulting deficiency, after sale, is in excess of the amount of such rents. Plaintiff is therefore entitled to their application to that deficiency.

A decree may be drawn and presented accordingly.