OPINION
Defendant-appellant Norman W. Noel appeals the October 16, 1998 Judgment Entry of the Stark County Court of Common Pleas which ordered appellant to turn over funds to a receiver. Plaintiff-appellee is Federal National Mortgage Association.
 STATEMENT OF THE CASE AND FACTS
Appellant owned an apartment complex in Canton, Ohio. The purchase of the property was secured by a note and mortgage, held by appellee. Upon default, appellee, pursuant to the terms of the note and mortgage filed an action in foreclosure and moved the trial court for the ex parte appointment of a receiver. This appeal arises from a dispute relative to the amount of money to be turned over to the receiver. The procedural facts are as follows.
On June 27, 1997, appellee filed a complaint in foreclosure in the Stark County Court of Common Pleas. The complaint alleged appellee is the holder in due course of a note executed by appellant. The principal sum of the note was $2,242,351.21, but the note provided for additional interest and late charges in the event of default. In order to secure payment of the note, appellant executed and delivered a mortgage to Melon Financial Services Corporation (hereinafter "Melon") conveying to Melon its interest in an apartment rental complex located in Stark County, Ohio. Melon subsequently assigned all its right, title and interest in the mortgage to appellee by separate assignment. Additionally, appellant executed an assignment of rents to Melon, which was also separately assigned to appellee. Appellant failed to make timely payments on the note. As a result, appellee elected to declare appellant in breach of the note, mortgage, and various assignments. Pursuant to provisions in the mortgage, appellee requested a receiver be appointed to take possession and control of the property. In a June 27, 1997 Judgment Entry, the Stark County Court of Common Pleas appointed a receiver. The trial court ordered the receiver to take charge of and manage the mortgage property, to collect the rents, revenues, and other income of the property, to make expenditures necessary to operate the property and authorized the receiver to collect all rents. On August 29, 1997, the receiver filed a motion to have appellant turn over receivership funds and records. On December 8, 1997, appellee filed its motion for summary judgment. On January 2, 1998, appellant filed a motion to postpone the ruling on the motion for summary judgment. The court granted this motion in a January 29, 1998 Judgment Entry. On February 18, 1998, appellant filed a motion directing the receiver to cooperate in an inspection and showing of the premises to a potential purchaser. After appellee responded, the trial court denied the motion in a March 10, 1998 Judgment Entry. In a June 29, 1998 Judgment Entry, the trial court granted appellee's motion for summary judgment. On the same day, the trial court filed its Decree of Foreclosure and ordered the sale of the property. On July 15, 1998, appellant filed his response and opposition to the receiver's motion to turn over receivership funds. This motion was in response to the receiver's motion filed August 29, 1997. In the objection, appellant made three arguments: 1) the receiver's motion was premature because the action was not commenced until appellant was served with the summons and a copy of the complaint; 2) appellant cannot be forced to turn over funds to the receiver because all of the funds have been spent; and 3) the receiver is not entitled to rents and the security deposits sought because appellee failed to perfect its interest by not complying with the terms of the mortgage. The matter proceeded to a hearing in front of the magistrate, and on August 13, 1998, the magistrate issued a Decision granting the receiver's motion to turn over funds. Appellant filed his objections to the magistrate's Decision on August 27, 1998. On October 16, 1998, the trial court adopted the magistrate's Decision and overruled appellant's objections. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONDUCTING A MOTION HEARING AS AN EVIDENTIARY HEARING WHERE THE COURT GAVE NO NOTICE TO THE APPELLANT THAT THE HEARING WOULD BE EVIDENTIARY IN NATURE, AND WHERE THE RECEIVER'S MOTION FAILED TO COMPLY WITH LOCAL RULE 10.
II. THE TRIAL COURT ERRED IN FINDING THAT THE MOTION OF THE RECEIVER FILED ON AUGUST 29, 1997, REQUESTING AN ORDER THAT THE APPELLANT TURN OVER FUNDS AND DEPOSITS WAS TIMELY FILED AND PROPERLY BEFORE THE COURT, WHEN THE ACTION HAD NOT COMMENCED, AND THE COURT THEREFORE HAD NOT JURISDICTION.
III. THE TRIAL COURT ERRED IN FINDING THE RECEIVER WAS ENTITLED TO RENTS COLLECTED BY THE APPELLANT PRIOR TO THE APPOINTMENT OF THE RECEIVER AND PRIOR TO THE RECEIVER'S ASSUMPTION OF POSSESSION OF THE REAL PROPERTY IN FORECLOSURE.
IV. THE TRIAL COURT ERRED IN FINDING RECEIVER WAS ENTITLED TO DEPOSITS WHEN SUCH DEPOSITS ARE NOT IN POSSESSION OF THE APPELLANT, BUT WERE HISTORICALLY TREATED AS INCOME AND EXPENSES THROUGHOUT THE HISTORY OF OWNERSHIP OF THE RENTAL PROPERTY BY THE APPELLANT.
 I
In his first assignment of error, appellant argues the trial court erred in conducting the motion hearing as an evidentiary hearing when the court gave no notice to appellant the hearing would be evidentiary in nature, and where the receiver's motion failed to comply with Local Rule 10. We note the transcript of the June 26, 1998 hearing was not filed with the trial court. However, a transcript of the proceeding was filed April 9, 1999 and made a part of the appellate record. At the hearing, appellee presented the testimony of Mary Whitmer, the receiver appointed in the matter sub judice; William Stavole, the attorney representing appellee; and John Vodopich, the property manager. Counsel for appellant cross examined each of these witnesses and then called on direct examination appellant and Ms. Whitmer, the receiver. Appellant lodged no objection to the evidentiary nature of the proceeding. Accordingly, appellant's argument is waived. This result is in accord with the general rule an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207. Accordingly, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court erred in finding the motion of the receiver was timely filed and properly before the court. We do not agree. Appellant argues the trial court had no jurisdiction to conduct a hearing on the Receiver's motion to turn over funds. Appellant acknowledges service of the motion, but contends he had no duty to respond because appellee had failed to perfect service of the complaint before it served the motion. Under these circumstances, we do not agree. Paragraph 26 of the Mortgage Agreement, executed by appellant on May 23, 1990, details appellant's express consent to the appointment of a receiver in the event of default. Further, R.C. 2735.01 provides: A receiver may be appointed by the * * * the court of common pleas or a judge thereof in his county * * *, and causes pending in such courts respectfully in the following cases:
* * *
(B) In an action by the mortgagee for the foreclosure of his mortgage and the sale of mortgage property, when it appears that the mortgage property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has been not been preformed and the property is probably insufficient to discharge the mortgage debt;
The court of common pleas had authority to appoint a receiver ex parte and without notice or prior service to the parties. The duly appointed receiver was acting pursuant to court order as her motion was an attempt to protect the assets in her charge. Appellant maintains the trial court had no jurisdiction over him with regard to the motion hearing because the receiver filed its motion to turn over funds before appellant was served with a copy of the complaint. (The motion was filed July 2, 1997, and appellant was served with a copy of the complaint on September 5, 1997). The trial court had jurisdiction to make an ex parte appointment of the receiver. On August 29, 1997, the receiver filed the motion to compel appellant to turn over funds. Appellant was served with a copy of the complaint on September 5, 1997. The trial court took no action on the motion until appellee requested a hearing May 15, 1998, nine months after appellant was served with the complaint. Appellant appeared and presented testimony at the motion hearing before the magistrate on June 26, 1998. We find the trial court had jurisdiction over appellant and properly held the hearing on the motion. If the motion hearing had been held, and a ruling on the motion had been filed before appellant was served with the complaint, our decision would be different. Appellant knew of the motion for more than nine months and was served with the notice of hearing. While appellant did lodge this objection at the hearing, the appellant suffered no prejudice. Accordingly appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues the trial court erred in finding the receiver entitled to rents collected by appellant prior to the appointment of the receiver, and prior to the receiver's assumption of the possession of the real property. These rents, although collected prior to the appointment of the receiver on June 27, 1998, were collected for the July, 1998, rent obligations. Appellant cites Metropolitan Life Ins. v. Begin (1938), 59 Ohio App. 5, 7-8 for the proposition the receiver has no right to receive rents for the real estate until she takes possession of the property. However, as appellee correctly notes, the dispositive date for the collections of rents is the date the complaint for foreclosure is filed. Prudential Ins. Co. of America v. Corporate Circle Ltd. (1995),103 Ohio App.3d 93. Appellee filed its action in Foreclosure on June 27, 1997. Because appellee took constructive possession of the property through its receiver on that date, appellant owed all July rents. For this reason appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the trial court erred in finding the receiver entitled to the security deposits on the property. Appellant maintains such deposits were historically treated as income throughout his ownership and not maintained in a separate account. Appellees maintain appellant entered "into a contract (the mortgage) with the [appellee] which provided that in a default situation (like this one), all security deposits were to be turned over to the court appointed receiver." (Appellee's brief at p. 11). As part of oral argument, Counsel for Appellee referred this Court to the following provision in the Assignment of Rents and Leases, incorporated by reference into the mortgage, to support its proposition. The pertinent passage is as follows: [Appellant] * * * hereby conveys transfers and assigns unto [appellee], * * * all the rights, interest and privileges, including, without limitation, all security deposits made by lessees, which [appellant] as Lessor has or may have in the leases now existing or hereafter made * * * with all rents, income and profits due and becoming due therefrom.
(Emphasis added). The Magistrate's Decision, filed August 13, 1998, quoted from the above-referenced passage and stated: "[a]s such, [appellant] assigned his interest in the security deposits and the Receiver is entitled to collect all such sums." The trial court adopted the decision of the Magistrate in a July 16, 1998 Judgment Entry without comment. Neither the Magistrate's decision nor the Judgment Entry specifies an amount, but by the nature of the order, we conclude the magistrate and the trial court presume the existence of such funds. At the hearing, the appellee presented the testimony of John Vodopich, the property manager hired by the receiver to manage the property. Mr. Vodopich testified on direct examination he kept records of the security deposits which should have been maintained for the property: So my question is: You actually prepared this document from the financial records determining the amount of security deposits that should be held?
A. That is correct.
Q. As of June 30th, 1997?
A. That is correct.
Q. What were the total of those deposits?
A. $11,674.
T. at 20-21.
Mr. Noel testified on direct examination:
Q. As to security deposits, what was your practice in handling those?
A. Security deposits were cash items. They were cash in, cash out. They were not funded. For anyone that knows anything about the apartment business, generally, there is only a small portion of deposits ever get returned because of damage or failure to pay rent and other things.
Q. Or failure to give proper notice?
A. Yes. And we always treated that particular property — nearly 25 years we treated them as cash items.
* * *
Q. If tenants were owed a refund, you would write a check?
A. Write a check or we would credit a charge.
T. at 27-28.
We agree with the trial court's and the magistrate's interpretation of the assignment clause to the extent appellant is responsible to turn over those funds in existence at the time of the appointment of the receiver. However, unlike the magistrate and trial court, we do not interpret the provision to assign personal liability to appellant for security deposits collected, and subsequently spent, prior to the appointment of a receiver. The contractual language specifies appellant transfers his rights, including security deposits, which appellant "has or may have" in the leases. While we note the possible ambiguity, we find the language provides only for those funds in appellant's possession when the receiver is appointed. Accordingly, we vacate the court's order to the extent the trial court ordered appellant to turn over security deposit funds not in existence at the time of appointment of the receiver. Further, we remand the matter to the trial court to determine the amount of funds, if any, in existence on the date of the appointment of the receiver which can be reasonably identified as security deposits. Any such funds should be ordered turned over to the receiver. Finally, we note the October 16, 1998 Judgment Entry and the August 13, 1998 Magistrate's Decision are each silent on the specific amount appellant should turn over to the receiver. The motion to turn over funds included a request for security deposits and rents among other items. Therefore, we remand the matter to the trial court for a determination of an exact amount appellant must turn over. Appellant's fourth assignment of error is sustained in part and overruled in part.
The Judgment of the Stark County Court of Common Pleas is hereby affirmed in part and reversed in part. The matter is hereby remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, J. Farmer, J. and Edwards, J concur