Jones, P. J.
The question to be determined in this case is whether the city of Cincinnati is entitled to be paid a claim for water rent which accrued prior to the appointment of a receiver, out of the proceeds of personal property which was sold under the order of court and reduced to cash by the receiver. The claim of the city is that it has *141 a first, valid and subsisting lien for the full amount of accrued water rent upon the money in the possession of the receiver. This claim was allowed in the trial court and the receiver ordered to pay the claim in full. To. this order error was prosecuted in this court.
It is contended at the outset that the receiver has no power to except to the order of the court which appointed him, or to file proceedings to review that court’s order in regard to the payment of this claim. In Alderson on Receivers, Section 588, the law is thus stated:
“Every claim presented against a fund in the hands of a receiver, if contested before the court, becomes in effect a suit against the'receiver, which is ended by a final judgment allowing or rejecting the claim, and any party to the contest, dissatisfied with the result, may have the proceedings revised on appeal. The receiver, as a party defendant to an action, has the same right to appeal from a judgment of the court affecting the interests of the estate represented by him, that the party or corporation to whom the estate originally belonged, would have had if the suit had been brought by them.”
If this claim had been prosecuted as an independent suit by the city against the receiver, with leave of court, instead of by a motion in the nature of an intervening petition in the case where the receiver had been appointed, there would be no question as to the power of the receiver to secure a review of the judgment of the court. (Smith v. Folsom, 80 Ohio St., 219, and Webb, Recr., v. Stasel, Recr., Id., 122.) The power of a receiver *142 to secure such an appeal was sustained in Felton v. Ackermann, 9 C. C. A., 457, (61 Fed. Rep., 225). In the opinion of the court by Taft, J., it was said (page 458):
“While it is true that the receiver is an arm of the court in the administration of the property, yet, where persons intervene to obtain relief against him, because they cannot obtain full relief in any other forum, the issue raised by his answer to the petition makes the proceeding an adversary one, in which the receiver represents the interests of the owners of the property, of which -he is temporarily in charge. If, as such representative, he feels aggrieved by an order of the court made in an adversary proceeding of this character, it is difficult to see why he should not be permitted to have the order of the court reviewed by the appellate tribunal to which any other litigant may resort. Certainly, the owners of property, if aggrieved by the order against the receiver, might appeal, and there would seem to be no justice in preventing the temporary custodian of their property from doing so.”
See also Bosworth v. Terminal Rd. Assn., 26 C. C. A., 279, 80 Fed. Rep., 969.
The rule is thus laid down in High on Receivers (4 ed.), Section 264a:
“As to the right of a receiver to appeal from orders and judgments entered in the course of the receivership- proceedings, it is held that he has the same right of appeal from an adverse judgment for the recovery of funds pertaining to his receivership, as the party over whom he was appointed would have had.”
*143 See also Beach on Receivers (2 éd.), pages 295 and 296.
Under these authorities we hold that the receiver in this case was entitled to prosecute this error proceeding for the review of the order complained of.
The city claims that, 'water refits due it are a preferred claim under Section 3958, General Code, which is as follows:
“For the purpose of paying the expenses of conducting and'managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due, the director shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the same manner as other city taxes.”
There is no question but that a municipality in Ohio can construct waterworks and supply water to its inhabitants, and the director of public service of a city is authorized to manage such waterworks and to make such by-laws and regulations as he may deem necessary for such purpose, which- regulations under Section 3957, General Code, - shall have the validity of ordinances. It is not, however, contended that any regulation of the city of Cincinnati has been made or attempted by virtue of which this claim for water rent‘would become a lien or first charge upon the assets of The Warner *144 Equipment Company in the hands of its receiver, nor is any specific statute, ordinance or regulation pointed out by the city under which this claim would be deemed a preferred claim as against the receiver. It is argued that water rents are in the nature of taxes, and, that, as general taxes become a lien against real estate, in some manner this claim should be a lien against this fund. In Alter v. Cincinnati et al., 56 Ohio St., 47, the supreme court in its opinion by Burket, J., at page 67, said:
“Water rents are not, strictly speaking, taxes, and certainly not taxes on property to be regulated under article twelve of the constitution.”
Even taxes are not a lien upon personal property, and become such only after judgment.
There is no question but that under proper regulations the city could protect itself in the collection of water rents by providing that the water be turned off and not turned on again until all back rent had been paid. (City of Mansfield v. Humphreys Mfg. Co., 82 Ohio St., 216.) No doubt other methods might be devised equally efficacious to secure back water rents in cases of the appointment of a receiver for the management of manufacturing property, but no provision by law has been pointed out whereby this particular claim can be held a preference against the fund in the hands of this receiver.
The judgment below must therefore be reversed.

Judgment reversed.

Gorman and Hamilton, JJ., concur,'