FIDELITY MORTGAGE CO v MAHON et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9223. Decided Feb 11, 1929

Krueger & Pelton, Cleveland, for Mortgage Co.

Albert Mendelson, Cleveland, for Mahon et.

MAUCK, J.

It is now claimed by the second mortgagee that the language quoted gave to him a specific lien upon the rents and profits arising from the mortgaged property, and by virtue thereof he is entitled to the same as against the general lien of the first mortgagee.

After a condition is broken the mortgagor is entitled to rents and profits so long as he retains possession. A mortgagee, however, after bringing an action in foreclosure and by making to the court such showing as is required by section **11894, General Code,** has a right to have a receiver appointed for the property, and this receiver by virtue of his possession is entitled to the rents and profits that may issue from such possession to be received and held by him for the benefit of the parties in interest.

In the instant case, as we pointed out, the receiver was appointed upon the motion of the second mortgagee, but this fact did not change the substantive rights of the parties and the receiver was appointed for the benefit of all the parties. **Williams vs. Gerlach, 41 OS. 682.**

The section referred to is not confined in its operation to mortgages in which the rents have been specifically pledged, but is a right conferred upon all mortgagees. Since, therefore, the Fidelity Mortgage Company would have unquestioned right to the funds in question as against the mortgagor, it follows that the mortgagor, by his second mortgage, did not take away any of the rights of the Fidelity Company and grant them to the second mortgagee. This conclusion is supported by Wiltsie on Foreclosure of Mortgages at page 754.

This case has reached this court both by appeal and by a proceeding in error. It has been heard upon appeal. In the appeal case an entry will be made in favor of The Fidelity Mortgage Company and the cause will be remanded to the Common Pleas for execution. The proceeding in error will be dismissed.

Middleton, PJ, concurs.