ANGUS, RECR., *v.* THE AETNA CASUALTY & SURETY CO.

(Decided July 18, 1929.)

Mr. *Leo Weinberger* and *Messrs. Nichols, Morrill, Wood, Marx & Ginter*, for plaintiff in error.

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. Walter M. Locke*, for defendant in error.

CUSHING, P. J. This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered in favor of the defendant in error, the Ætna Casualty & Insurance Company, who had filed an intervening petition in an action in which a receiver was appointed, said receiver being Harold F. Angus, the plaintiff in error in this court.

The evidence is embodied in an agreed statement of facts, the essential allegations of which are:

The Strauss Building Company contracted with the board of education of the city school district of the city of Cincinnati to erect an addition to the Hyde Park School in the city of Cincinnati. The Ætna Casualty Company executed a bond guaranteeing the performance of the contract. An application was taken from the contractor at the time, it being essentially and for all the purposes of this case a chattel mortgage, and covered not only the property then in possession of the contractor, but after-acquired property. This chattel mortgage was filed some four hours previous to the appointment of the receiver, and the casualty company never took physical possession of the property. The property belonging to the contractor was sold and the fund arising from the sale is to be considered as the converted personal property

involved, which was owned and possessed by the Strauss Building Company and in its possession on the site of the school, but acquired after the execution of the chattel mortgage, and which property was to be used on said contract pursuant to the terms thereof. The property was in the possession of the Strauss Building Company at the time of the appointment of the receiver, and at the time of the recording of the mortgage. The casualty company, under its contract of suretyship with the board of education, is obligated to pay certain "parties" whose names are attached to the stipulation.

There are three questions presented to this court for decision:

First. The defendant in error has filed a motion to dismiss the petition in error, on the ground that the Strauss Building Company was a necessary party to these proceedings in error, and that the receiver is without authority to bring such proceedings in error; it being contended, in the first place, that the receiver never received the consent of the court.

Reference to the transcript of the docket and journal entries shows that on November 26, 1928, authority was given the receiver to prosecute error, the entry being recited in full. While we do not find the entry among the papers, the certificate of the clerk of the court is deemed sufficient to substantiate the existence of the authority questioned.

The right of a receiver to bring error proceedings was sustained in the case of *Schultz, Recr.*, v. *City of Cincinnati*, a case reported in 8 Ohio App., 140, and affirmed by the Supreme Court, *City of Cincin-*

*nati* v. *Schultz, Recr.,* 97 Ohio St., 317, 120 N. E., 176. This is a decision by this Court of Appeals, and we think the reasoning sound, and follow the same, holding that the receiver in the instant case was a proper party, had authority to bring the action in error, and that the controversy presented by the error proceeding being confined to a contest for the possession of the fund, the receiver representing the general creditors and the other contestant, an alleged lien holder, all parties necessary are before this court.

Second. The second question presented arises from the contention of the plaintiff in error that the chattel mortgage, being now directed to property acquired after its execution, is void, as establishing a lien in the casualty company, in view of the fact that physical possession of the property was not taken, although the mortgage was filed previous to the appointment of the receiver.

Section 8560, General Code, provides: "A mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the mortgage, or a true copy thereof, be forthwith deposited as directed in the next succeeding section."

While apparently the mandatory provisions of this section have not been always construed as severely against mortgagees as the terms of the statute would apparently warrant, as for instance, in the refusal of courts to strictly construe the word

"forthwith," the position of a mortgagee, who, for his own personal reasons, fails to file his mortgage, has by the courts been required to be strengthened by possession as to after-acquired property, in order to effect a lien under the mortgage. See *Chapman* v. *Weimer & Steinbacher,* 4 Ohio St., 481; *Coe* v. *Columbus, Piqua & Ind. Rd. Co.,* 10 Ohio St., 372, 75 Am. Dec., 518; *Francisco* v. *Ryan,* 54 Ohio St., 307, 43 N. E., 1045, 56 Am. St. Rep., 711; *Netzorg* v. *National Supply Co.,* 7 C. C. (N. S.), 461, 18 C. D., 112.

The receiver upon appointment and qualification and giving bond takes the position of the debtor, and the debtor owner's possession becomes possession in the receiver, so that attempted seizure by the mortgagee thereafter is futile. It has been held that legal proceedings to enforce the lien are tantamount to physical possession by the mortgagee, but such proceedings cannot be effective where possession by the receiver has intervened. It may also be contended that the receiver takes possession for all creditors, including the lien claimant, but the antagonistic and exclusive character of the lienholder's claim precludes such an application of the tenure of the receiver.

We hold, therefore, that the casualty company cannot claim as mortgagee in possession in this case.

Third. The third question is presented by the contention of the defendant in error that, even if the chattel mortgage does not create a valid lien in its favor on the fund, the casualty company is entitled to the fund by reason of the doctrine of subrogation; it being asserted by the defendant in error

that the casualty company has paid all of the labor claims and materialmen's claims, and that hence the casualty company is entitled to enforce these against the receiver as the lienholders could have done.

We have examined the record and find nothing therein contained indicating that such is the fact. The only statement bearing upon the payment by the casualty company is in the agreed statement of facts, wherein it is stated, "and that the Bonding Company did nothing before or after the appointment of the receiver except to file the aforesaid application and contract of indemnity with the Recorder of Hamilton County, Ohio, as aforesaid, and except to assert a claim thereto after said appointment, and to file its intervening petition herein, *and under its contract of suretyship with said Board is obligated to pay parties an additional amount exceeding ten thousand dollars ($10,000.00), whose names are attached.*"

Nowhere in the statement of facts is it indicated that said "parties" are lienholders, or that the casualty company is obligated to pay these lienholders, or that it has paid them. We would hold, unquestionably, under the authority of *State, ex rel. Southern Surety Co.,* v. *Schlesinger,* 114 Ohio St., 323, 151 N. E., 177, 45 A. L. R., 371, and *Amick* v. *Woodworth,* 58 Ohio St., 86, 50 N. E., 437, and in conformity to the holding of the Court of Appeals for Stark county in the case of *Ætna Casualty & Surety Company* v. *Harter Bank,* referred to in the dissenting opinion in the *Schlesinger case,* page 340 of 114 Ohio State, 151 N. E., 177, 182, that the casualty company would be subrogated to any lienholder's

claim which it paid under the circumstances in this case. While in the brief of counsel for the plaintiff in error it is not claimed that the lienholders have not been paid, only that the agreed statement of facts has no allegation to this effect, and we feel that it is highly improbable, under the circumstances and the terms of the bond with the board of education, that such liens have not been paid, nevertheless this court is confined to the record, and, under the circumstances, the mortgage not sustaining the lien of the casualty company by reason of the failure of the casualty company to take possession under the terms of its mortgage, and the record failing to show facts permitting the subrogation of the casualty company to the lienholders, the judgment of the court of common pleas must be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.