METROPOLITAN LIFE INS. CO., APPELLEE, *v.* BEGIN ET AL., APPELLANTS.

(Decided January 31, 1938.)

*Messrs. Holbrook & Banker* and *Mr. E. Donald De-Muth,* for appellee.

*Mr. Benjamin B. Moses* and *Mr. Alfred J. Croll,* for appellants.

OVERMYER, J. This is an appeal on questions of law. On April 17, 1935, the Metropolitan Life Insurance Company, appellee herein, filed a petition in Common Pleas Court against Philip F. Begin, Mary L. Begin, his wife, and certain other defendants, for the foreclosure of a mortgage on real estate owned by the Begins in this county. On the same day, on application of the plaintiff insurance company under favor of Section 11894, General Code, and for good cause shown, a receiver was appointed to take charge of this property, "rent the property, collect rents and profits, make repairs, put the property in tenantable condition" and abide the further orders of the court.

Issues were joined and, after several appraisals of the premises, sundry motions and objections filed by

defendants and disposal thereof, the appointment of a successor receiver, and other proceedings, a finding of the amount due the plaintiff was made, a decree of foreclosure and order of sale was entered, sale had and confirmed, and deed ordered to the purchaser with writ of possession, followed by an order of distribution.

The proceeds of the sale were $2,800, which amount was insufficient to pay plaintiff's judgment, taxes and costs. The receiver turned over to the sheriff as the net collection of rents from the premises during the receivership, upon the filing of his final account and discharge, the sum of $399.44. The order of distribution directed the sheriff to pay out of the proceeds all taxes and penalties due, and court costs, and to pay to the Metropolitan Life Insurance Company, plaintiff, the sum of $399.44, net rents, and from the proceeds of sale a sufficient amount additional to pay the judgment of plaintiff in the sum of $2620.53, with interest, the balance, if any, to be held subject to further order.

Objection had been filed by appellants to the confirmation of the receiver's report, and overruled; objections to the confirmation of sale, motions to vacate the sale, and a motion for allowance of money in lieu of homestead were also overruled. From these rulings and orders appellants appeal on questions of law. The assignments of error addressed to us relate to the above orders, and appellants especially urge upon this court two propositions, viz.:

1. That the court erred in appointing a receiver herein without notice to appellants.

2. That the $399.44 net rents ordered applied to the payment of plaintiff's judgment was not money that could be so applied as against appellants' claims for same in lieu of homestead exemptions, that is, that the rents and profits belonged to the mortgagor.

As to proposition No. 1, the appellants are foreclosed. The appointment of a receiver is a final order

from which an appeal may be prosecuted. No appeal therefrom was attempted by the appellants and it is now too late to inquire into that order, even if grounds existed for a challenge, which, in our opinion, was not the situation. *Forest City Investment Co.* v. *Haas,* 110 Ohio St., 188, paragraph 1 of the syllabus, 143 N. E., 549.

As to proposition No. 2 (the application of net rents collected by the receiver to the payment of plaintiff's mortgage judgment), we find, upon examination of authorities cited and independent search of authorities on the question, that there is unanimity in holding that rents and profits, pending foreclosure, belong to the mortgagor owner up to confirmation of sale, providing the mortgagor owner remains in possession of the premises, unless of course the mortgage itself otherwise provides. However, when a receiver is appointed upon filing a petition in foreclosure and after condition broken, as was here the case, and so appointed for the purpose of collecting rents and profits, on a showing made that the mortgage security will likely be deficient, the possession of the premises by the receiver precludes concomitant possession by the mortgagor. The receiver's possession under direction of the court is for the very purpose of holding and conserving the rents and profits so they may be applied by the court to the payment of taxes, costs, the plaintiff's judgment and other legal claims, and any balance remaining refunded to the mortgagor.

"In other words, the mortgagor has the right to receive as his own the rents of the real estate so long as he remains in possession, *and until possession is taken by the mortgagee, a receiver, or some other authorized person.*" 27 Ohio Jurisprudence, 378, Section 143. (Italics ours.)

"The mortgagee has a right to have rentals of mortgaged property collected by the receiver appointed in

foreclosure proceedings, and accruing after condition broken, applied to the payment of taxes and costs of foreclosure where the proceeds of the sale are insufficient to pay the mortgage." 27 Ohio Jurisprudence, 692, Section 516. See also 55 A. L. R., 526, Section 7.

"Retaining possession" is the test as to whether the mortgagor is or is not entitled to rents and profits. It is held that even after condition broken, the mortgagor is so entitled so long as he retains possession. But when, as here, the mortgagee brings an action in foreclosure after condition broken and at once has a receiver appointed to collect the rents and profits thereafter accruing, such receiver, by virtue of his possession, is entitled to the rents and profits that may come into his hands under such possession and bring them into court for the benefit of the parties in interest, and in such circumstances the possession of the receiver is adverse and exclusive to the possession of the mortgagor. *Fidelity Mortgage Co.* v. *Mahon,* 31 Ohio App., 151, at 152 and 153, 166 N. E., 207; *Hutchinson* v. *Straub,* 64 Ohio St., 413, at 415 *et seq.,* 60 N. E., 602; *Norwood Savings Bank* v. *Romer,* 43 Ohio App., 224, at 226, 183 N. E., 45.

In the *Fidelity Mortgage Company case* above cited the foreclosure was brought by a second mortgagee and the receiver appointed on application of the second mortgagee. The second mortgage contained a specific pledge of rents and profits, but the court says:

"It is now claimed by the second mortgagee that * * * [the pledge referred to] gave to him a specific lien upon the rents and profits arising from the mortgaged property, and that by virtue thereof he is entitled to the same *as against the general lien of the first mortgage.*" (Italics ours.)

The court then holds otherwise, and in the opinion, on page 153, the court say:

"If there had been no second mortgage upon this

property, it is perfectly apparent that the Fidelity Mortgage Company could have had the receiver appointed in this case, and would, by virtue of that receivership, have realized all the rents collected by the receiver notwithstanding its mortgage did not contain a specific pledge of the rents, *for the rents and issues of the property were as much pledged as the corpus itself."* (Italics ours.)

We think this should be the law and is the law.

Upon the record, which we have carefully examined, and upon clear authority we hold that the judgment of the lower court was correct and that no prejudicial error appears to have been committed and the judgment will therefore be affirmed.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.