BancOhio National Bank, Exr.,
Appellee, et al., v.
Andrew J. Haas Irrevocable
Trust, Appellant.

(No. 12339—Decided July 16, 1986.)

*George R. Sarkis,* for appellee.

*Richard C. Lombardi,* for appellant.

MAHONEY, P.J. Appellant, Andrew J. Haas Irrevocable Trust ("Haas Trust"), challenges an order of the Summit County Court of Common Pleas, Probate Division, making rental proceeds part of the estate of Jesse F. Tucker rather than using them to satisfy a second mortgage held by appellant. We reverse and remand.

Facts

On May 26, 1981, Tucker and S.A.E. Management, Inc. ("S.A.E.") executed and delivered a $75,000 promissory note to Huntington National Bank ("Huntington"). As security, Tucker and S.A.E. mortgaged property known as 1714 Portage Trail in Cuyahoga Falls, Ohio to Huntington. On that same day, the 1234 Portage Trail Corporation acquired a second mortgage in the property in the amount of $38,808.22. 1234 Portage Trail Corporation, on September 24, 1981, assigned this second mortgage to Haas Trust.

On December 26, 1981, Tucker died testate. On February 5, 1982, BancOhio National Bank ("BancOhio"), as executor of the estate, requested the court's permission to conduct a public sale of the decedent's real estate. The court authorized such sale on August 18, 1983. There was, however, no finding of insolvency. On February 13, 1984, BancOhio accepted a private offer to purchase the property. The court authorized the private sale on September 17, 1984. The court directed that the proceeds be distributed to Huntington as first mortgagee and to Haas Trust as second mortgagee. The sale proceeds satisfied Tucker and S.A.E.'s obligation to Huntington but provided Haas Trust with only $2,367.69 of its second mortgage.

Prior to the sale, BancOhio had rented the premises and accumulated net rental income in the amount of $17,209. On November 11, 1984, Haas Trust objected to confirmation of the private sale. It contended that Banc-Ohio, while it administered the property, should have used the property's rental income to pay real estate taxes and make monthly mortgage payments. It additionally contended that the balance of the net rental income should have been used to satisfy its mortgage obligation. The court ruled, on December 20, 1984, that the executor should have used rental incomes rather than proceeds from the sale of the property to pay real estate taxes. It accordingly increased Haas Trust's share of the sale proceeds by $6,270.76. On August 27, 1985, the court determined that the balance of the net rental income belonged to Tucker's general estate as Haas Trust had failed to include in its mortgage agreement a pledge of the rental income. The court, however, allowed Haas Trust a general claim against the estate for any deficiency on its secured mortgage.

### Assignment of Error I

"The court erred in not ordering the disbursal of rental proceeds to the Haas Irrevocable Family Trust which held the second mortgage on this property."

In its first assignment of error, Haas Trust contends that the trial court erred in ordering that the mortgaged property's rental income be added to the general assets of the Tucker estate. Specifically, Haas Trust contends that such rental income should have been applied instead toward satisfaction of its mortgage obligation.

Two situations exist wherein, upon default of the mortgagor, the mortgagee becomes entitled to rental income derived from the mortgaged property.

The first occurs when the mortgage agreement itself contains a pledge of the rents and profits to secure payment of the mortgage. The second occurs when the mortgagee obtains possession of the property or is prevented from obtaining possession because the premises have passed into the jurisdiction of the court by the appointment of a receiver or some other person duly authorized by law. See *Hutchinson* v. *Straub* (1901), 64 Ohio St. 413, 60 N.E. 602; *Metropolitan Life Ins. Co.* v. *Begin* (1938), 59 Ohio App. 5, 12 O.O. 337, 16 N.E. 2d 1015; 37 Ohio Jurisprudence 2d (1959) 315, Mortgages, Section 133; *Fidelity Mtge. Co.* v. *Mahon* (1929), 31 Ohio App. 151, 166 N.E. 207.

In this case, Haas Trust did not include a clause in its mortgage agreement pledging the rents and profits to secure payment of its mortgage. Haas Trust was, nevertheless, prevented from taking possession of the property as the property had passed into the jurisdiction of the probate court when, according to the report of the probate court referee, dated May 22, 1985, BancOhio obtained the court's permission to manage the realty pursuant to R.C. 2113.311. Ohio law, in this case, does not require a specific pledge of rental income. We find therefore that the trial court erred in failing to order BancOhio to use any rental incomes remaining after payment of the expenses authorized by R.C. 2113.311 to pay amounts owed to Huntington and Haas Trust on their mortgages.

* * *■

### Summary

Appellant's first assignment of error is well-taken. The judgment is reversed, and the cause is remanded to

the trial court for further proceedings in accordance with the law as set forth in this opinion.

*Judgment reversed
and cause remanded.*

BAIRD, J., concurs.

QUILLIN, J., dissents.