In re **GREENLEAF APARTMENTS, LTD., Debtor.**

**GREENLEAF APARTMENTS, LTD., et al., Plaintiffs,**

**v.**

**Clarence J. SOLTESZ, Receiver, et al., Defendants.**

**Bankruptcy No. 2–90–03946. Adv. No. 2–92–0382.**

United States Bankruptcy Court, S.D. Ohio E.D.

May 17, 1993.

Douglas S. Roberts, Glen R. Pritchard, Columbus, OH, and Christiane Schmenk, Buckley, King & Bluso, Columbus, OH, for plaintiffs.

Stephen A. Santangelo, Columbus, OH for defendant Clarence J. Soltesz.

Janine M. Marks, Baker & Hostetler, Columbus, OH and Norman S. Jeavons, Thomas L. Anastos, Baker & Hostetler, Cleveland, OH, for defendant Women's Federal Sav. Bank.

Carol Stebbins, Gen. Counsel, Cardinal Realty Services, Inc., Reynoldsburg, OH, Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Cardinal Realty Services, Inc.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, OH, Columbus Office of the U.S. Trustee for Region IX.

### OPINION AND ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

### I. Preliminary Matters

Women's Federal Savings Bank ("Women's Federal") has filed a motion seeking dismissal of this adversary proceeding for failure to state a claim against it. Plaintiffs Greenleaf Apartments, Ltd. and Austin and Donlyn Guirlinger oppose that relief. For the following reasons, Women's Federal's motion to dismiss for failure to state a claim is granted.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine pursuant to 28 U.S.C. § 157(b)(2).

### II. Facts, Allegations and Procedural Background

On July 13, 1972, Greenleaf Apartments, Ltd., a Chapter 11 debtor before this Court, ("Debtor"), mortgaged its apartment project to Women's Federal to secure repayment of a note in the face amount of $564,000.00. Plaintiffs, Austin and Donlyn Guirlinger ("Guirlingers") personally guaranteed a portion of the Debtor's obligation to Women's Federal which that mortgage secures.

The Debtor defaulted on its obligation to Women's Federal, and in December 1989, Women's Federal instituted foreclosure proceedings against the Debtor's property in the Common Pleas Court of Lucas County, Ohio. Pursuant to this foreclosure action, Women's Federal recommended that Defendant Clarence J. Soltesz ("Receiver") be appointed Receiver to manage the apartment project. The Receiver was appointed to manage the apartments in January of 1990 and continued in that capacity until December of 1991.

On December 7, 1990 Women's Federal obtained a judgment against the Guirlingers for the sum of $101,297.69 plus interest and costs.

The plaintiffs allege that, when the Receiver was appointed in January of 1990, there were only five (5) vacancies in the forty nine (49) rentable units or a vacancy rate of 10%. By the time the Receiver was dismissed in December of 1991, the plaintiffs allege that vacancies had risen to twenty five (25) or a vacancy rate of 50%.

The plaintiffs assert in their complaint that Women's Federal negligently failed to take action to prevent the deterioration of the property, negligently recommended

Clarence J. Soltesz to be appointed as Receiver, negligently supervised the Receiver's performance, and failed to notify the Debtor or the Guirlingers that the property was deteriorating in value under the Receiver's management. As a result, the plaintiffs contend that they sustained damages for which they demand judgment against Women's Federal. The plaintiffs also seek punitive damages in the amount of $500,000.00 against each defendant.

### III. *Discussion*

#### A. *Standard on Motion to Dismiss for Failure to State a Claim*

The Court of Appeals for the Sixth Circuit has held that a motion to dismiss for failure to state a claim (Rule 12(b)(6) motion) will be granted "when the moving party establishes that there is no genuine issue as to any material fact." *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir.1989). A court should accept all factual allegations in the complaint as true and may properly dismiss a proceeding under Fed.R.Civ.P. 12(b)(6) when "it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. It has also been held that a court, in considering a Rule 12(b)(6) motion, "must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded material allegations." *Minatsis v. Brown*, 713 F.Supp. 1056, 1058 (S.D.Ohio 1989). Because defendant Women's Federal has shown that, even if all of the plaintiffs' factual allegations are true, there is no entitlement to relief against it, the complaint should be dismissed against Women's Federal.

#### B. *Conclusions of Law*

■ In 1991, the Ohio Supreme Court held that "[t]he decision to appoint a receiver clearly lies within the discretion of the court." *State. ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). In quoting *Black's Law Dictionary* (6 Ed. 1990) 1268 the *Celebrezze* court explained that:

[a] "receiver" is defined as "[a]n indifferent person between parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court as an incident to other proceedings wherein certain ultimate relief is prayed. He is a trustee or ministerial officer representing the court."

*Celebrezze*, 60 Ohio St.3d at 73 (fn. 4), 573 N.E.2d 62. This definition establishes that a receiver is an officer of the court subject only to the court's control. As the court's "ministerial officer" a receiver's conduct is directed and controlled by the court. *Cheney v. Maumee Cycle Co.*, 64 Ohio St. 205, 214, 60 N.E. 207 (1901). Therefore, the plaintiffs' allegation that Women's Federal maintained control over the apartment project once the Receiver was appointed is incorrect as a matter of law. Once a receiver is appointed by the court, the receiver becomes an officer of the court, subject only to the court's control.

■ The plaintiffs further allege that Women's Federal negligently failed to safeguard the collateral securing its loan to the debtor and negligently failed to notify the Guirlingers of the collateral's deterioration. However, this claim must fail because Women's Federal had no duty to protect the collateral in the Receiver's possession. Once a receiver is appointed by the court, the property passes into the jurisdiction of the court, and the mortgagee is precluded from obtaining possession. *BancOhio Nat'l Bank v. Andrew J. Hass Irrevocable Trust*, 33 Ohio App.3d 253, 254, 515 N.E.2d 1024 (Summit County 1986). That point has been highlighted by an Ohio Appellate Court which stated that:

[t]he receiver upon appointment and qualification and giving bond takes the position of the debtor, and the debtor owner's possession becomes possession by the receiver, so that attempted seizure by the mortgagee thereafter is futile.

*Angus v. Aetna Casualty & Surety Co.*, 39 Ohio App. 411, 415, 177 N.E. 646 (Hamil-

ton County 1929). Additionally, "[a] secured party must use reasonable care in the custody and preservation of collateral in his possession." *One Greenstreet, Inc. v. First Nat'l Bank of Dayton,* 19 Ohio App.3d 161, 164, 482 N.E.2d 1255 (Montgomery County 1984). Where the mortgagee does not have possession, however, and possession is in the hands of a receiver, as an agent of the court, the mortgagee has no duty to protect the property or to notify the plaintiffs of any deterioration in value of the property.

 Finally, plaintiffs contend that the Receiver's negligence should be imputed to Women's Federal because he was an agent of Women's Federal. This claim must also fall, however, because, as a matter of law, Mr. Soltesz, as Receiver, cannot be an agent of Women's Federal. For Mr. Soltesz to be considered an agent of Women's Federal, Women's Federal would have had to have had the control over him required for an agency relationship. However, a receiver is a court appointed officer who is controlled exclusively by the court. Because a receiver is an officer of the court, he is not to be regarded as an agent or representative of either party to an action. *Marshall v. Walter A. Caverly Co.,* 18 Ohio Dec. 157, 159 (C.P. Montgomery County 1907). Women's Federal's suggestion to the Court that Mr. Soltesz be appointed as Receiver is irrelevant because, "a receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed...." *Marshall,* 18 Ohio Dec. at 158. In short, a receiver

> is not an agent, but an officer of and controlled by the appointing court, and subject alone to its directions. Wholly independent of, and not subject to the control of either debtor or creditor, entirely indifferent as between the parties to the cause, he exercises his functions under the order of the court appointing him, for the common benefit of all parties in interest.

*Osborne v. Columbus, D. & M. Ry.,* 21 Ohio Dec. 744 (C.P. Marion County 1910).

*See, also, Stiver v. Stiver,* 63 Ohio App. 327, 328, 26 N.E.2d 595 (Clinton County, 1940) (Receiver is controlled by court and arm of the court.)

### IV. *Conclusion*

 Motions to dismiss for failure to state a claim are appropriate when the moving defendant establishes that, even if all facts alleged by the plaintiffs are true, there is no legal ground for the relief sought. Women's Federal has met these requirements for dismissal under Fed. R.Civ.P. 12(b)(6). Accordingly, the plaintiffs' complaint is hereby dismissed as against Women's Federal Savings Bank.

IT IS SO ORDERED.