The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,

v.

CORPORATE CIRCLE, LTD. et al., Appellee.*

[Cite as *Prudential Ins. Co. of Am. v. Corporate Circle, Ltd.* (1995), 103 Ohio App.3d 93.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67368.

Decided April 10, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 73 Ohio St.3d 1453, 654 N.E.2d 989.

*Matthew J. Hatchadorian, Kenneth M. Royalty* and *Webb I. Vorys,* for appellant.

*Marvin L. Karp, Stuart A. Laven* and *Martin W. Elson,* for appellee.

DONALD C. NUGENT, Judge.

Plaintiff-appellant, The Prudential Insurance Company of America, timely appeals the judgment of the Cuyahoga County Court of Common Pleas dismissing Count Three of its complaint. Appellant raises the following sole assignment of error for our review:

"The trial court erred by granting Corporate Circle's motion to dismiss Count III of the complaint pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure."

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378; *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462, 467. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. However, while the factual allegations of the complaint are taken as true, the same cannot be said about unsupported conclusions. "Unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639.

In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted, with appropriate notice, into one for

summary judgment under Civ.R. 56. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 563 N.E.2d 713. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755.

Plaintiff-appellant is the holder of a promissory note executed on May 27, 1986 by defendant-appellee, Corporate Circle, Ltd., in the original amount of $12,800,-000. The promissory note is secured by an open-end mortgage, also executed by appellee on May 27, 1986, on two office buildings located at 30050 and 30100 Chagrin Boulevard, Pepper Pike, Ohio.

As of April 1, 1993, appellee was in default for payments due on the promissory note. At the time appellant filed the instant complaint, appellee owed $12,321,-284.54 plus interest. Appellant brought suit seeking payment on the promissory note (Count One), foreclosure of the real estate secured by the mortgage (Count Two), and appointment of a receiver and recovery of all rents paid to appellee after April 1, 1993 pursuant to an assignment of leases and a conditional assignment of rentals, both of which were also executed by appellee on May 27, 1986 (Count Three).

Subsequently, by consent of the parties, the trial court entered judgment in appellant's favor on Counts One and Two of the complaint. Appellee then moved for judgment on the pleadings on Count Three of the complaint. Appellee argued that an exculpation clause in the promissory note, and a similar clause in the mortgage, limited appellant's remedies to those found in the promissory note. In essence, appellee argued, the promissory note was a nonrecourse note. The assignment of leases and conditional assignment of rentals, it was argued, were therefore ineffective. It was further agreed that the trial court would consider appellee's motion as a motion to dismiss pursuant to Civ.R. 12(B)(6) and that the trial court would consider the briefs of the parties and "all attachments, other documents, motions, pleadings and briefs filed in the case."

It is undisputed that the assignment of leases, the conditional assignment of rentals, and the mortgage all contain provisions authorizing appellant, in the event of default in the payment of principal or interest on the note, to enter upon the premises, whether by receiver to be appointed by a court or by its agents or employees, for collection of rents and for operation and maintenance of the premises. Appellee, however, argues that the following exculpation clause found in the promissory note, and a similar clause found in the mortgage, rendered the assignment of leases and conditional assignment of rentals void:

"Section 7—*Exculpation.* Notwithstanding anything to the contrary contained in this Note, the Mortgage or the other Loan Documents, in any action brought to enforce the covenants and obligations of Borrower to pay the indebtedness and to perform the other covenants and obligations evidenced and secured by this Note, the Mortgage or the other Loan Documents, *any judgment or decree rendered in such action shall be enforceable against the premises, and against Borrower only to the extent of its interest in the premises*, encumbered by the Mortgage or subject to any other Loan Documents securing the Note, and *any such judgment or decree shall not be subject to execution or be a lien on the assets of Borrower, other than its interest in the premises* encumbered by the Mortgage or subject to any other Loan Document securing this Note, or of any partner of Borrower; provided that the foregoing provision shall not otherwise limit the rights and remedies of Lender with respect to this Note, the Mortgage or the other Loan Documents." (Emphasis added.)

Placing emphasis on the highlighted portion of the exculpation clause, appellee argues that the clause renders the assignment of leases and conditional assignment of rentals void. This court does not agree.

It is well settled that contracts must be read as a whole, and they must be interpreted in such a manner as to give effect to every provision. *Allied Paper, Inc. v. H.M. Holdings, Inc.* (1993), 86 Ohio App.3d 8, 16, 619 N.E.2d 1121, 1127; *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441; *Brause v. Royal Maccabees Life Ins. Co.* (1993), 88 Ohio App.3d 149, 623 N.E.2d 638. Moreover, as a general rule of construction, Ohio courts construe multiple documents together if they concern the same transaction. *Center Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 31 OBR 587, 511 N.E.2d 106. Thus, all writings that are a part of the same transaction should be interpreted together, and effect should be given to every provision of every writing. *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 623 N.E.2d 704.

The trial court's interpretation of the exculpation clause nullifies the assignment of leases and conditional assignment of rentals and fails to interpret the loan documents together, giving effect to every provision of those writings. Under the interpretation made by the trial court and appellee, the assignment of leases and conditional assignments of rentals are rendered meaningless, as if they were never negotiated or signed.

We pause here to add that any ambiguity in the exculpation clause need not be interpreted against appellant. While clauses limiting the liability of the *drafter* are ordinarily strictly construed, such strict construction need not be applied in the interpretation of an exculpation or indemnification agreement

entered into between business entities in a context of free and understanding negotiation. *Glaspell v. Ohio Edison Co.* (1987), 29 Ohio St.3d 44, 29 OBR 393, 505 N.E.2d 264, paragraph one of the syllabus. First, the exculpation clause in question does not limit the drafter's liability. To the contrary, the clause does not limit *appellant's* liability but, rather, limits *appellee's* liability. Second, the record before this court, including the pleadings, motions and attachments, clearly reveals that the agreement was entered into in a context of free and understanding negotiation. Moreover, it is clear that both parties are commercial enterprises of sufficient size and quality to presumably possess a high degree of sophistication in matters of contract. *Glaspell, supra.*

Finally, we believe the plain wording of the exculpation clause requires the court to enforce the assignment of leases and conditional assignment of rentals. Simply put, we believe the trial court's interpretation of the exculpation clause does not fully take into consideration that portion which states that judgment may be enforced "against the premises, and *against Borrower* only to the extent of its interest in the premises, encumbered by the Mortgage *or subject to any other Loan Document securing the Note,* and any such judgment or decree shall not be subject to execution or be a lien on the assets of Borrower, other than its interest in the premises encumbered by the Mortgage *or subject to any other Loan Documents securing this Note* * * *." Moreover, the trial court's interpretation of the exculpation clause does not give effect to the final clause of the sentence, which states clearly that "the foregoing provision shall not otherwise limit the rights and remedies of Lender with respect to this Note, the Mortgage or *the other Loan Documents.*"

That the assignment of leases and conditional assignment of rentals are to be interpreted together with the promissory note and mortgage is a matter of general contract law. *Abram & Tracy, Inc., supra.* It is also required by Section 1(C)(ii) of the promissory note, which defined "Loan Documents" as "this Note, the Open–End Mortgage Deed (the mortgage), Conditional Assignment of Rentals, and Assignment of Leases."

We also find persuasive appellant's argument that for purposes of a lender's remedies upon default, rents are an inseparable part of real estate. Ohio law is well established in holding that the term "premises" is synonymous with lands and tenements. *Bowers v. Pomeroy* (1871), 21 Ohio St. 184, 190. Moreover, established principles of equity hold that a mortgagee has the right, by virtue of the stipulations in the mortgage, to sequester rents. In *Hutchinson v. Straub* (1901), 64 Ohio St. 413, 416–417, 60 N.E. 602, 603, the Ohio Supreme Court stated that law as follows:

"Manifestly in equity *the mortgagee had the right, by virtue of the stipulations in the mortgage, to sequester the rents,* and the only question remaining is as to the manner of enforcing such right. *Ordinarily the method would be by the appointment of a receiver auxiliary to a foreclosure suit.* * * *

"We think it clear that the right of the mortgagee to proceed against the land for the satisfaction of his mortgage was transferred to the fund arising out of the land, *whether from the rents or the sale, or both* * * *. And *the mortgagee having the right to resort to the rents as well as to the land itself* for the satisfaction of its debt, a refusal to make such application of the fund would have been a denial of that right." (Emphasis added.)

We therefore conclude that the portion of the exculpation clause which prohibits judgment against the assets of appellee does not prevent judgment against appellee on "its interest in the premises, encumbered by the Mortgage or subject to any other Loan Documents securing the Note," which includes the assignment of leases and conditional assignment of rentals. The trial court, therefore, erred in failing to give these assignments effect.

 It is further clear that a mortgagee, after bringing an action in foreclosure and making to the court the showing required by R.C. 2735.01, "has a right to have a receiver appointed for the property, and this receiver, by virtue of his possession, is entitled to the rents and profits that may issue from such possession, to be received and held by him for the benefit of the parties in interest." *Fid. Mtge. Co. v. Mahon* (1929), 31 Ohio App. 151, 152, 166 N.E. 207, 208; *Metro. Life Ins. Co. v. Begin* (1938), 59 Ohio App. 5, 7–8, 12 O.O. 337, 338, 16 N.E.2d 1015, 1016. However, the mortgagee is not entitled to rents until an action in foreclosure is brought and possession of the premises is obtained by the mortgagee, a receiver or some other authorized person. *Id.*

 In the present case, the trial court overruled appellant's motion for the appointment of a receiver and also enjoined appellant from otherwise taking possession of the premises. Appellant was therefore mistakenly prevented from taking possession of the premises by order of the trial court. We conclude that appellant's action to foreclose on the mortgage and sue for the accelerated payments due on the promissory note was sufficient to place appellant in constructive possession of the premises so as to entitle appellant to rents due.

 To this extent, it is important to address appellee's argument that the instant appeal is untimely and moot. Appellee contends that appellant should have appealed the trial court's decision overruling its motion for appointment of a receiver. Appellee argues that, because appellant's motion for appointment of a

receiver was overruled on July 21, 1993, the instant appeal, filed May 27, 1994, is untimely.

 It is not disputed that proceedings in relation to the appointment and removal of receivers are special proceedings under R.C. 2505.02 and that orders for appointment and removal affect a substantial right made in a special proceeding. Such orders are, therefore, final and appealable. See, *e.g., Cincinnati, Sandusky & Cleveland Rd. Co. v. Sloan* (1876), 31 Ohio St. 1, paragraph two of the syllabus; *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 143 N.E. 549; *Begin, supra,* 59 Ohio App. at 6–7, 12 O.O. at 337–338, 16 N.E.2d at 1015–1016. However, an order overruling a motion to remove a receiver is not an order affecting substantial rights of the parties from which an appeal may be prosecuted, since the status quo between the parties remains the same. *Neighbors v. Thistle Down Co.* (1926), 26 Ohio App. 324, 159 N.E. 111; *Stiver v. Stiver* (1939), 63 Ohio App. 327, 17 O.O. 96, 26 N.E.2d 595. Therefore, an order denying a motion to appoint a receiver is not a final, appealable order since the status quo between the parties remains the same.

 Appellee adds that the issue of whether the trial court should have appointed a receiver is moot since, by the time the appeal is heard, the premises will have been sold in accordance with the consent judgment entry and decree in foreclosure of May 27, 1994. The foreclosure, it is claimed, will extinguish appellant's mortgage and, with it, any right to have a receiver appointed.

While we agree that a receiver cannot be appointed to administer property which is no longer subject to the trial court's jurisdiction, the parties still contest the issue of who is entitled to the rents. We believe that, in liberally construing Count Three of appellant's complaint, see Civ.R. 1(B) and 8(F), appellant set forth a claim for rents owed on the premises from the date appellant attempted to take possession of the premises to the date of the sheriff's sale of the premises.

Count Three of appellant's complaint states:

"18. The Assignment of Leases, the Collateral Assignment and the Mortgage all contain provisions authorizing plaintiff, in the event of any default in the payment of principal or interest on the Note to, *inter alia,* enter upon the Premises, whether by a receiver to be appointed by a court or by its agents or employees, for the collection of rents and for the operation and maintenance of the Premises.

"19. By reason of the default in the payment of the amounts payable on the Note and other defaults as aforesaid, plaintiff is entitled to have a receiver

appointed by the Court to collect rents and for the operation and maintenance of the Premises.

"WHEREFORE, plaintiff prays:

" * * *

"(g) for the appointment of a receiver to take possession and control of and collect the rents and profits of the Premises."

Based on the foregoing, we conclude that the trial court erred in granting appellee's motion to dismiss Count Three of appellant's complaint. In construing the loan documents together so as to give effect to each document, this court concludes that the exculpation clause in the promissory note and the mortgage does not render the assignment of leases and conditional assignment of rentals void. The plain reading of the exculpation clause indicates that "any judgment * * * rendered in such action shall be enforceable against the premises, and against Borrower * * * subject to any other Loan Documents securing the Note * * *." Moreover, the exculpation clause "shall not otherwise limit the rights and remedies of Lender with respect to this Note, the Mortgage or the other Loan Documents." The assignment of leases and the conditional assignment of rentals are, therefore, enforceable.

Appellant's sole assignment of error is sustained, and the judgment of the lower court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

HARPER, P.J., and O'DONNELL, J., concur.