**In re Robert ZAYAS, Debtor.**

**No. 3:05–bk–14963–JAF.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 18, 2006.

Thomas W. Collier, Jr., Law Office of Thomas W. Collier Jr., Deland, FL, for Debtor.

### ORDER GRANTING MOTION TO EXTEND TIME TO FILE COMPLAINTS OBJECTING TO DISCHARGE

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court on Motion to Extend Time to File Complaints Objecting to Discharge ("Motion") filed by S.D. Khan, M.D. ("Creditor Khan"), S.F. Meerza, M.D. and J.K. Raman, M.D. (collectively, "Creditors"). The bar date for filing such a complaint was February 10, 2006. The Motion was filed on February 24, 2006. The Court conducted a hearing on April 5, 2006 ("Hearing"). Debtor and Creditors presented evidence in the form of Debtor's and Creditor Khan's testimony at the Hearing. The Court then took the matter under advisement and directed the parties to submit memoranda in support of their respective positions. Creditors and Debtor both submitted briefs supporting their arguments ("Creditors' Brief" and "Debtor's Brief", respectively).

Creditor Khan testified at the Hearing that Creditors sold Debtor a medical clinic,

but after approximately six months, Debtor defaulted on the payments. Creditors obtained a Texas state court judgment against Debtor on April 6, 2004 as a result of such default (the "Judgment"). After entry of the Judgment, Peter Pratt ("Pratt") was appointed as a receiver by the Texas court pursuant to Texas law. Creditor Khan further testified that Creditors did not receive notice of Debtor's filing for bankruptcy until February 21, 2006.

Debtor testified at the Hearing that he retained an attorney during the Texas state court lawsuit, whom he had authorized to negotiate with Pratt to inform him of the bankruptcy filing. On cross-examination, Debtor revealed that he knew that Creditors were represented by counsel other than Pratt, namely David McTaggart, Esq., et. al. ("McTaggart"). At the conclusion of the Hearing, the Court instructed the parties to submit legal authority on the lone issue of whether Pratt, the receiver, was the agent of Creditors so that notice to Pratt of the bankruptcy filing was the agent of Creditors so that notice to Pratt of the bankruptcy filing was notice to Creditors.

Debtor did not present evidence at the Hearing that Creditors, via their attorney McTaggart, had actual knowledge of Debtor's bankruptcy filing. Debtor, in Debtor's Brief, makes profuse arguments and offers affidavits in reference to Creditors' actual knowledge of the bankruptcy filing. These arguments are based on facts not in evidence, as Debtor did not present testimony at the Hearing consonant with the facts alleged in the affidavits, thereby giving Creditors the opportunity to object to or cross-examine such evidence. Therefore, the Court cannot consider Debtor's argu-

ment that Creditors had actual knowledge of the bankruptcy filing.[1] Thus, the argument that the bar date for filing a motion pursuant to Bankruptcy Rule 4004 and 4007 applies to a creditor with actual notice is inapposite.

■ Since Creditors did not have actual knowledge of Debtor's bankruptcy filing, that leaves the main issue of whether providing notice to Pratt sufficed as notice to Creditors. According to Texas agency law, "[a]n agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." *Schultz v. Rural/Metro Corp.*, 956 S.W.2d 757, 760 (Tex.App., Fourteenth District, Houston 1997) (citation omitted). Yet Texas courts will not presume that an agency relationship exists, as the party alleging agency bears the burden of proof in establishing its existence. *Id.* (citation omitted); *see also Payne v. Snyder*, 661 S.W.2d 134, 144 (Tex.App., Seventh District, Amarillo 1983). With the facts adduced at the Hearing and considering Texas law, it is apparent that Debtor failed in his burden of proving an agency relationship between Pratt and Creditors.

■■ Texas law states that while "a receiver represents all parties interested in the litigation wherein he is appointed," *Payne*, 661 S.W.2d at 143 (citation omitted), "the receiver does not act as the agent of the creditors or of any of the other parties." *Security Trust Co. v. Lipscomb County*, 142 Tex. 572, 584, 180 S.W.2d 151 (Tex.1944) (citation omitted). In fact, Texas law finds the receiver as an "officer of the court, the medium through which the court acts. He is a disinterested party, the representative and protector of

---

1. In addition, Debtor references several exhibits and affidavits that are not attached to Debtor's Brief. As a result, the Court cannot consider any argument referencing a missing document, since the Debtor is further arguing facts not in evidence.

the interests of all persons, including creditors, shareholders and others, in the property in receivership." *Id.* (citation omitted); *see also Spigener v. Wallis,* 80 S.W.3d 174, 183 (Tex.App., Tenth District, Waco 2002)("The receiver is the agent of the trial court, not the owners [of the property in receivership].")(citing *Payne,* 661 S.W.2d at 143).

■ To elucidate, the Bankruptcy Court for the Southern District of Ohio, Eastern Division elaborated on the concept of a receiver in *Greenleaf Apartments v. Soltesz (In re Greenleaf Apartments),* 158 B.R. 456 (Bankr.S.D.Ohio 1993). The Ohio Bankruptcy Court quoted the Ohio Supreme Court in stating that

> [a] receiver is defined as an indifferent person between parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court as an incident to other proceedings wherein certain ultimate relief is prayed. He is a trustee or ministerial officer representing the court.

*Id.* at 458 (quoting *Ohio ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62, 67 n. 4 (1991)(quoting BLACK'S LAW DICTIONARY 1268 (6th ed.1990)))(internal quotations omitted). As a result, the Ohio Bankruptcy Court found that the "definition establishes that a receiver is an officer of the court subject only to the court's control." *Id.* As a result, "[o]nce a receiver is appointed by the court, the receiver becomes an officer of the court, subject only to the court's control." *Id.* In concluding, the Ohio Bankruptcy Court stated that a receiver

> is not an agent, but an officer of and controlled by the appointing court, and subject alone to its directions. Wholly independent of, and not subject to the control of either debtor or creditor, en-

tirely indifferent as between the parties to the cause, he exercises his functions under the order of the court appointing him, for the common benefit of all parties in interest.

*Id.* at 459 (citations omitted). Therefore, absent a clear showing of agency, in Texas a receiver is considered solely an officer of the court and not an agent of either party involved in the case.

Debtor did not overcome this powerful presumption with the facts offered at the Hearing. Debtor states in his brief that Pratt was appointed at the specific request of Creditors' attorney. (Debtor's Br. at 12.) This assertion is extraneous. Because a receiver is controlled exclusively by the appointing court, it is immaterial which party requested his appointment. Pratt was a disinterested party and protected both Debtor's and Creditors' interests in the property in receivership. *See Security Trust Co.,* 142 Tex. at 584, 180 S.W.2d 151 (citation omitted). Ergo, Pratt, as an officer of the court, could not seek to advance the interests of Creditors. Thus, Pratt's participation in negotiations with Debtor to resolve the Judgment against Debtor was in furtherance of his duties as an officer of the court, not as an agent of Creditors. (*See* Debtor's Br. at 12.) Debtor did not meet his burden of proving an agency relationship. Pratt had no duty to Creditors to inform them of Debtor's bankruptcy filing, and it was not logical for Debtor to presume that notice to Pratt of the filing sufficed as notice to Creditors.

Because Creditors did not receive notice of Debtor's bankruptcy filing, the bar date for filing a motion pursuant to Bankruptcy Rule 4004 and 4007 does not apply. Creditors filed their Motion within a reasonable time after the bar date and shortly after they became aware of Debtor's bankruptcy case. Debtor did not prove that Creditors

had actual knowledge of the bankruptcy case. As a result, it is only appropriate to give Creditors 30 days to file a complaint under § 523. Accordingly, it is

**ORDERED:**

(1) Creditors' Motion is granted.

(2) Creditors have 30 days from the date of this Order to file a complaint pursuant to § 523.

