[Cite as *DCR Mtge. IV Sub I, L.L.C. v. Hines Invests., L.L.C.*, 2011-Ohio-5091.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| DCR MORTGAGE IV SUB I, LLC | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-CA-24 |
| | : | |
| | : | |
| HINES INVESTMENTS, LLC, et al., | : | O P I N I O N |
| | | |
| Defendants-Appellants | | |


CHARACTER OF PROCEEDING:      Civil Appeal from Fairfield County
Court of Common Pleas Case No.
10-CV-1142

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      September 29, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

TAMI HART KIRBY, ESQ.               JAMES G. VARGO
WILLIAM G. DEAS, ESQ.               JAMES G. VARGO
WALTER REYNOLDS, ESQ.              6598 Brock Street, First Floor
Porter Wright Morris & Arthur LLP      Dayton, Ohio 45402
One South Main Street, Ste. 1600
Dayton, Ohio 45402

*Edwards, J.*

**{¶1}** Appellants, Hines Investments, LLC and Pamela Hines, appeal a judgment of the Fairfield County Common Pleas Court overruling their motion to remove a receiver appointed earlier in this case. Appellee is DCR Mortgage IV Sub I, LLC.

## STATEMENT OF FACTS AND CASE

**{¶2}** On September 13, 2010, appellee filed the instant foreclosure action. At the same time, appellee filed a motion for appointment of a receiver. The court granted the motion to appoint a receiver on September 14, 2010.

**{¶3}** On October 28, 2010, appellant filed an answer to the complaint. They filed a motion to remove the receiver on November 18, 2010, arguing that appellee had not acted in good faith with regard to the loans secured by the property they sought to foreclose upon, and the expense of the receiver was unnecessary. The court held a hearing on the motion and overruled the motion, finding appellants failed to set forth a good reason for removal of the receiver. Appellants assign two errors on appeal:

**{¶4}** "I. THE TRIAL COURT ERRED BY GRANTING A MOTION FOR APPOINTMENT OF A RECEIVER WITHOUT AFFORDING APPELLANTS DUE PROCESS AND WITHOUT FIRST FOLLOWING THE LOCAL RULE PERMITTING THE FILING OF AN OPPOSING MEMORANDUM WITHIN FOURTEEN DAYS.

**{¶5}** "II. ONCE THE PARTIES WERE PROVIDED PROPER NOTICE AND AN OPPORTUNITY TO BE HEARD REGARDING THE APPOINTMENT OF A RECEIVER, THE TRIAL COURT ERRED BY RETAINING THE RECEIVER AS THERE WAS INSUFFICIENT EVIDENCE SUPPORTING THE NECESSITY OF A RECEIVER."

I

{¶6} Appellants' first assignment of error claims error in the September 14, 2010, order appointing a receiver. Appellants recognized that their appeal is clearly untimely as to this order, but argue because service was not perfected and the court did not have jurisdiction over them at the time the order was issued, the order is void ab initio and may be attacked at any time.

{¶7} Failure of proper service deprives the court of personal jurisdiction and renders any judgment void *ab initio.* E.g., *Pippin v. Hauser* (1996), 111 Ohio App.3d 557; *Rite Rug Co. v. Wilson* (1995), 106 Ohio App.3d 59. The court may obtain personal jurisdiction by service of process, voluntary appearance or waiver. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156. Any objection to the assumption of personal jurisdiction is waived by a party's failure to assert a challenge to such jurisdiction at its first appearance in the case. *McBride v. Coble Express, Inc.* (1993), 92 Ohio App.3d 505, 510, 636 N.E.22d 356, 359.

{¶8} Appellants filed an answer to the complaint on October 28, 2010, in which they failed to raise the defense of lack of personal jurisdiction. Further, in their motion to remove the receiver, filed November 18, 2010, appellants failed to raise lack of personal jurisdiction at the time the receiver was appointed, but rather argued that appellee had not acted in good faith with regard to the loans secured by the property they sought to foreclose upon, and the expense of the receiver was unnecessary. By failing to raise lack of personal jurisdiction in their first appearance in the case, appellants have waived the right to challenge the September 14, 2010 judgment at this point in the proceedings, and their appeal is clearly untimely as to that judgment.

**{¶9}** The first assignment of error is overruled.

II

**{¶10}** In their second assignment of error, appellants argue the court erred in overruling their motion to remove the receiver.

**{¶11}** Proceedings related to the appointment and removal of receivers are special proceedings under R.C. 2505.02 and orders for appointment and removal affect a substantial right made in a special proceeding. Such orders are, therefore, final and appealable. See, *e.g., Cincinnati, Sandusky & Cleveland Rd. Co. v. Sloan* (1876), 31 Ohio St. 1, paragraph two of the syllabus; *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 143 N.E. 549; *Metro Life Ins. Co. v. Begin,* 59 Ohio App. 5, 6, 7, 16 N.E.2d 1015. However, an order overruling a motion to remove a receiver is not an order affecting substantial rights of the parties from which an appeal may be prosecuted, since the status quo between the parties remains the same. *Neighbors v. Thistle Down Co.* (1926), 26 Ohio App. 324, 159 N.E. 111; *Stiver v. Stiver* (1939), 63 Ohio App. 327, 17 O.O. 96, 26 N.E.2d 595. Therefore, an order denying a motion to remove a receiver is not a final, appealable order since the status quo between the parties remains the same. *Prudential Ins. Co. v. Corporate Circle, Ltd*. (1995), 103 Ohio App.3d 93, 658 N.E.2d 1066, 1071.

{¶12} The order appealed from is an order overruling a motion to remove a receiver and is therefore, not a final, appealable order.

{¶13} The appeal is dismissed for want of jurisdiction.


By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0804

[Cite as *DCR Mtge. IV Sub I, L.L.C. v. Hines Invests., L.L.C.*, 2011-Ohio-5091.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DCR MORTGAGE IV SUB I, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HINES INVESTMENTS, LLC, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11-CA-24 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Fairfield County Court of Common Pleas is dismissed. Costs assessed to appellants.

_____

_____

_____

JUDGES