JOURNAL ENTRY and OPINION
Defendants-appellants MIGC Cleveland, Inc. (MIGC) and Glenn A. Davis appeal from the summary judgment entered in favor of plaintiff-appellee, City of Cleveland, Department of Economic Development ("City"). We find no merit to the appeal and, therefore, affirm.
The City of Cleveland, Department of Economic Development, administers a program which gives low interest loans to business entrepreneurs. Each applicant must have a business plan indicating an ability to repay the loan.
Glenn Davis, the sole shareholder and president of MIGC, applied for a Neighborhood Development Program, Community Block Grant Loan, in the amount of $50,000. The City granted the request and as a result, MIGC executed a promissory note on May 7, 1997, payable to the City, in the amount of $50,000. The note was secured with an open-end mortgage on property located at 1140 East 134th Street, in Cleveland, Ohio. Glenn Davis also personally guaranteed the loan, which he obtained to pay off another loan at Huntington Bank.
The repayment schedule for the loan was set forth in the note as follows:
 The term of debt service for the Loan shall be ten (10) years (hereinafter the "Loan Term"). The Loan shall be amortized over a ten (10) year period. Beginning on the Closing Date and each month thereafter, until the Loan is fully repaid, repayment shall be governed by the following terms:
 (i) From Closing Date to April 30, 1998, deferral of principal and interest payments; no interest shall accrue prior to May 1, 1998; the ("Repayment Date").
 (ii) Beginning on the Repayment Date, Borrower shall make One Hundred Twenty (120) consecutive monthly payments of principal and interest, with the outstanding amount accruing annually at the rate of two and one-half percent (2.5%).
 (iii) A balloon payment sufficient to pay off the entire outstanding indebtedness shall be due and payable April 1, 2008.
 All payments shall be applied first to interest then to principal. Beginning on the Repayment Date, installment payments shall be due in advance of the first (1st) day of every calendar month during the Loan Term. All principal and interest payments pursuant to this Note shall be paid in lawful money of the United States of America. All such payments shall be promptly paid to the City at the offices of the Department of Economic Development, Room 210, City Hall, 601 Lakeside Avenue, Cleveland, Ohio 44114, Attention: Controller. All payments shall be applied according to the terms and provisions to the Agreement.
 Upon at least two (2) full business days notice the (sic) to City, Borrower may prepay the Note in whole at any time or from time to time in part, without penalty; provided, that each partial voluntary prepayment shall be at a minimum an amount equal to at least two (2) monthly payments of principal, interest and accrued interest.
 If any installment is not paid within ten (10) days after it is due, the City may then charge a late fee equal to five percent (5%) of the amount of the payment due and may then continue to charge such five percent (5%) fees for each additional ten (10) day period the payment remains outstanding. All late fees and penalties shall be added to the total outstanding balance and amortized over the remaining Loan Term.
(Promissory Note, at pages 2-3).
On May 8, 1998, MIGC sent its first payment on the loan in the amount of $20 which was refused by the City and returned. MIGC tendered a check in the amount of $15 on June 10, 1998, which was also returned by the City. On July 21, 1998, MIGC tendered a $20 check, which according to the City was inadvertently cashed, instead of returned. Accompanying the return of these checks was a letter from the City informing MIGC that the amounts failed to satisfy the monthly amount required in the loan agreement and note.
The City filed a complaint on the promissory note against MIGC and Davis on August 18, 1998, seeking judgment on the unpaid note. In April 1999, the City amended its complaint to include a request for foreclosure, marshalling of liens, and other equitable relief.
Both parties filed motions for summary judgment, and the trial court granted the City's motion.
MIGC and Davis now appeal and raise three assignments of error.
 I. THE TRIAL COURT ERRED IN DETERMINING THAT THERE WERE NO ISSUES OF MATERIAL FACT.
 II. THE TRIAL COURT ERRED IN MISAPPLYING THE PAROL EVIDENCE RULE.
MIGC and Davis argue that summary judgment was improperly granted for the City because the promissory note does not require a monthly payment in a certain amount or equal monthly payments. According to MIGC and Davis, the trial court inappropriately considered parol evidence in granting summary judgment.
Appellate review of summary judgments is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In the instant case, although the note fails to state a specific monthly amount and has a balloon payment provision, it is well settled that contracts must be read as a whole, and they must be interpreted in such a manner as to give effect to every provision. Prudential Ins. Co.v. Corporate Circle (1995), 103 Ohio App.3d 93, 98. In doing so, we find that the provisions regarding early payment of the loan and penalties on late payments suggest that monthly payments in certain equal amounts were expected. These provisions, which appear under the section entitled "Repayment Schedule," state:
 Upon at least two (2) full business days notice the (sic) to City, Borrower may prepay the Note in whole at any time or from time to time in part, without penalty; provided, that each partial voluntary prepayment shall be at a minimum an amount equal to at least two (2) monthly payments of principal, interest and accrued interest.
 If any installment is not paid within ten (10) days after it is due, the City may then charge a late fee equal to five percent (5%) of the amount of the payment due and may then continue to charge such five percent (5%) fees for each additional ten (10) day period the payment remains outstanding. All late fees and penalties shall be added to the total outstanding balance and amortized over the remaining Loan Term. (Emphasis added).
The face page of the note also suggests that a specific monthly amount is due each month:
 Under the Agreement, the City will loan Fifty Thousand Dollars ($50,000) to Maker. Maker shall use the Loan to assist in the financing of the Project as defined in the Agreement. Maker agrees to repay the Loan at the time, in the manner, and in the amount set forth in this note. (Emphasis added).
(Promissory note, page one). Construing the face of the note, and the repayment and penalty for late payment provisions together, it appears that there was to be an exact monthly amount stated in the note. The early pay-off provision contemplates equal monthly payments of interest and principal. This calculates to a monthly payment of $471.35 per month.
The note also clearly states that the payments were to be "amortized" over a ten-year period. Pursuant to Black's Law Dictionary (1990) Sixth Edition, at 83, "Amortization" is defined in pertinent part as:
 An "amortization plan" for the payment of an indebtedness is one where there are partial payments of the principal, and accrued interest, at stated periods for a definite period of time, at the expiration of which the entire indebtedness will be extinguished.
Although the definition of amortization does not indicate that the payments must be equal, it does state that along with part of the principal, that the "accrued" interest is paid with each payment. The $15 and $20 payments made by MIGC and Davis clearly did not cover the interest that had accrued on the $50,000 loan, let alone the principal.
Finally, common words in a contract will not be given their ordinary meaning if to do so would create an absurd result. Aultman Hosp. Assn.v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 54. MIGC and Davis' argument that the contract allowed them to make monthly payments as low as $15 on a $50,000 loan is absurd, especially given that Davis was a stockbroker and had consulted both his attorney and accountant in negotiating the loan.
Based on this evidence, the trial court did not err in granting summary judgment for the City.
The first and second assignments of error are overruled.
 III. THE TRIAL COURT ERRED IN DECIDING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
MIGC and Davis contend that the trial court's judgment was against the manifest weight of the evidence. However, summary judgments are subject to de novo review and not reviewable under a manifest weight of the evidence standard. See Musaelyants v. Allstate Ins. Co., (July 5, 2001), Cuyahoga App. No. 78797, unreported.
The third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and ANN DYKE, J. CONCUR